UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:25-cr-`107` |
| v. ) | |
| ) | JUDGES `Atchley / Steger` |
| ) | |
| ) | |
| JOSEPH SLABAUGH ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Joseph Slabaugh, and the defendant's attorney, J. Damon Burk, have agreed upon the following:

1) The defendant will plead guilty the following count(s) in the information:

a) Count 1: Attempt to possess child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

The punishment for this offense is as follows: a term of imprisonment of not more than 10 years; a term of supervised release of up to 3 years; a fine not to exceed $250,000; forfeiture; restitution; and a $100 special assessment.

2) There are no remaining counts against the defendant in the information.

3) The defendant has read the information, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

Page **1** of **10**

a) The defendant knowingly attempted to possess material that contained at least one image of child pornography; and

b) The defendant knew that the material he attempted to possess was child pornography; and

c) The defendant attempted to possess child pornography that was mailed or transported using any means or facility of interstate commerce or in or affecting interstate commerce by any means, including by computer.

4) In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) The Federal Bureau of Investigation ("FBI") conducted an undercover investigation that included a trained Special Agent acting as an Online Covert Employee ("OCE") and posing as a 14-year-old female. The OCE expressly advised the defendant of the notional minor's age.

b) The Defendant contacted the notional 14-year-old through the Kik app. The Kik app is an application on various mobile and computing devices that allows for the transmission of messages, images, and other content via the internet, i.e., in and affecting interstate commerce. Using the Kik app, the defendant attempted to elicit sexually explicit images from the notional 14-year-old. The Defendant, then a Deputy with the Williamson County, Tennessee, Sheriff's Department, was not acting as an online covert employee in his official capacity with the Williamson County Sheriff's Department when he contacted the notional 14-year-old.

c) On June 27, 2025, the Defendant, using the Kik display name "Captain Rogers," and the username "CaptAmerica741776," reached out to the notional 14-year-old girl profile of the OCE in direct message chat. After reiterating that the OCE was "14" and named "Maddie," the Defendant stated that he was 44, from Florida, and hoped his age was okay. The Defendant stated that the OCE looked "pretty." The OCE was utilizing an age altered photograph as a profile pic, which clearly showed that "Maddie" was under the age of 18. The Defendant distributed a photograph (purportedly, but not in reality, of himself) along with a shirtless image to the notional child and stated, "Hope you don't mind my topless one" and then stated, "I'm sure you look great topless too haha." The Defendant also stated, "I bet your body's gorgeous" and "I wouldn't mind seeing anything you wanna show haha like I said I'm sure you look amazing topless lol." The OCE stated that they didn't have any on their phone and would have to take the photos and that their cousin was around at the moment. The Defendant replied, "May have to sneak off to the bathroom lol." The Defendant also stated, "I bet you look way better topless than I do haha."

d) On July 11, 2025, the Defendant asked for images from the notional minor, to which the OCE responded "Ok like the naughty ones," to which the Defendant stated, "Yep exactly lol" and "hope to see those soon." On August 12, 2025, the Defendant stated, "I hope to see a shirtless pic of you sometime soon too" and indicated that these images would make him get "hard." This same date the Defendant stated, "I'd love seeing you topless. That would definitely get me hard," and "And bottomless. Or topless and bottomless at the same time," then distributed an image of an erect penis covered up by clothing. The Defendant then stated, "I'm sure you're very small and tight under your panties," discussed what he would like to do with the

notional minor sexually, and on August 15, 2025, stated "Wish I could see you playing with yourself though. That would be so hot."

e) At all times that the Defendant was communicating with the OCE, the OCE was in the Eastern District of Tennessee.

f) The Defendant admits that he knowingly attempted to possess child pornography as defined by 18 USC § 2256(8) that had been transported in interstate or foreign commerce by any means and that he knew the images he attempted to possess constituted child pornography.

5) The defendant is pleading guilty to Count 1 because the defendant admits he is in fact guilty. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a. the right to plead not guilty;

    b. the right to a speedy and public trial by jury;

    c. the right to assistance of counsel at trial;

    d. the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e. the right to confront and cross-examine witnesses against the defendant;

    f. the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

    g. the right not to testify and to have that choice not used against the defendant.

6) The parties agree that the appropriate disposition of this case would be the following as to each count:

    a. The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

Page 4 of 10

Case 1:25-cr-00107-CEA-CHS   Document 2   Filed 10/16/25   Page 4 of 10   PageID #: 8

b. The Court will impose special assessment fees as required by law; and

c. The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7) Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant

not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8) The defendant agrees to pay the special assessment in this case prior to sentencing.

9) Unless otherwise limited by an agreed preliminary order of forfeiture and pursuant to 18 U.S.C. § 2253, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2) and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those that a nominee holds or controls. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effect such transfers. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10) Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or

restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a)     If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b)     The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Page 7 of 10

Case 1:25-cr-00107-CEA-CHS   Document 2   Filed 10/16/25   Page 7 of 10   PageID #: 11

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11) The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) the defendant's residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

12) The defendant voluntarily, knowingly, and intentionally agrees to the following: the defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

Page 8 of 10

Case 1:25-cr-00107-CEA-CHS    Document 2    Filed 10/16/25    Page 8 of 10    PageID #: 12

13) The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences the plea may entail, even if the consequence is automatic removal from the United States.

14) This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

15) The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

16) This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

10/15/25
Date

By: _____
Christopher D. Poole
Assistant United States Attorney

10/15/25
Date

_____
Joseph Slabaugh
Defendant

10/15/2025
Date

_____
J. Damon Burk
Defendant's Attorney

Page 10 of 10

Case 1:25-cr-00107-CEA-CHS    Document 2    Filed 10/16/25    Page 10 of 10    PageID #: 14