IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
At Chattanooga

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | No. 1:25-Cr-107 |
| v. ) | Judge: Atchley |
| ) | |
| JOSEPH SLABAUGH, ) | Magistrate Judge: Steger |
| Defendant. ) | |

## MOTION TO REMAIN ON BOND PENDING SENTENCING

Joseph Slabaugh, by and through his attorney, and respectfully files this motion for Mr. Slabaugh to remain on bond pending his sentencing hearing.

On September 23, the undersigned counsel was appointed to represent Mr. Slabaugh who was a target of a federal investigation. *See,* 1:25-mj-254 (Doc. No. 2). On October 17, the parties filed an executed plea agreement. (Doc. No. 2). The following week, Mr. Slabaugh appeared for an initial appearance, and the Court released him on bond. (Doc. No. 6, 7). Finally, Mr. Slabaugh is scheduled to change his plea to guilty on December 12. (Doc. No. 16).

18 USCA § 3143 provides the analytical framework to determine if Mr. Slabaugh should continue to be released on bond or detained pending sentence. The statute is bifurcated based upon the offense of conviction. The first section allows a defendant to stay on bond pending sentence when he shows "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person in the community." § 3143(a). The second section applies if a defendant is found guilty of "an offense described in subparagraph (A), (B), or (C) of section (f)(1) of section 3142". § 3143(a)(2). Nevertheless, a defendant can be released if he is convicted of one of these

MOTION TO REMAIN ON BOND SLABAUGH

Federal Defender Services of
Eastern Tennessee, INC
Liberty Tower, suite 1310
605 Chestnut Street
Chattanooga, TN 37450

Case 1:25-cr-00107-CEA-CHS    Document 17    Filed 12/10/25    Page 1 of 6    PageID #: 40

offenses so long as he can show exceptional circumstances and that he is neither a danger nor a risk of flight. *See*, § 3143(a)(2) and § 3145(c).

Mr. Slabaugh submits two arguments to support his assertion that he should continue to be released on bond pending sentence. First, Mr. Slabaugh submits that the offense of conviction is not covered under § 3143(a)(2). As such, Mr. Slabaugh should be released if he can show by clear and convincing evidence that he is "not likely to flee or pose a danger to the safety of any other person in the community". § 3143. In the alternative, if the Court finds that the offense of conviction is covered under § 3143(a)(2), then Mr. Slabaugh submits that he can show exceptional reasons why he should remain on bond.

## ATTEMPT TO POSSESS CHILD PORNOGRAPHY IS NOT A CRIME OF VIOLENCE WITHIN THE MEANING OF THAT TERM AS DEFINED IN § 3156(A)(4))(C)

In relevant part, § 3143(a)(2) is triggered when the offense of conviction is an enumerated offense in § 3142(f)(1)(A) or meets the statutory definition of a crime of violence as provided in § 3156(A)(4)(C). Specifically, § 3156(A)(4)(C) defines "crime of violence" in sections 3141-3150 of chapter 18 in three ways:

" (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(C) any felony under chapter 77, 109A, 110, or 117"

As a reminder, Mr. Slabaugh is set to change his plea of guilty to "Attempt to possess child pornography" (Doc. No. 2). Further the plea agreement references "Title 18, United States Code, Sections 2252(A)(a)(5)(B) and 2252A(b)(2)". *Id.* at PageID #5. The offense referenced in the plea

MOTION TO REMAIN ON BOND SLABAUGH

**Federal Defender Services of Eastern Tennessee, INC**
Liberty Tower, suite 1310
605 Chestnut Street
Chattanooga, TN 37450

Case 1:25-cr-00107-CEA-CHS    Document 17    Filed 12/10/25    Page 2 of 6    PageID #: 41

agreement is defined as:

> (B) "knowingly possess, or knowingly access with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

By the plain language of the statute, the offense described in § 2252(A)(a)(5)(B) is not an attempt crime. Also, 2252A(b)(2) is a penalty section that sets the statutory maximum for "attempts or conspires to violate, subsection (a)(5)". In other words, 2252A(b)(2) is not an offense within chapter 110 which is required to trigger § 3143(a)(2). Likewise, the offense to which Mr. Slabaugh is pleading guilty to is not entirely covered in § 2252(A)(a)(5)(B). Consequently, Mr. Slabaugh submits that the Court should analysis his continued release on bond under § 3143.

### MR. SLABAUGH IS NEITHER A RISK TO FLEE NOR DOES HE PRESENT A DANGER TO ANY PERSON IN THE COMMUNITY.

The instant offense will be Mr. Slabaugh's first conviction. Also, prior to his arrest for the instant offense, Mr. Slabaugh had never been arrested. As the Court is aware, Mr. Slabaugh served in the United States military for eight years, which also involved being deployed to a war zone. After his service in the military, Mr. Slabaugh was a law enforcement officer for fourteen years. Further, Mr. Slabaugh has been in the community for almost three months after being detained for the offense, and he has been compliant with the conditions of his release, including obtaining employment. Moreover, Mr. Slabaugh appeared out of custody for his initial appearance. Consequently, Mr. Slaubaugh has

MOTION TO REMAIN ON BOND SLABAUGH

Federal Defender Services of Eastern Tennessee, INC
Liberty Tower, suite 1310
605 Chestnut Street
Chattanooga, TN 37450

demonstrated that he is neither a danger to any person in the community nor a risk of flight.

## EXCEPTIONAL CIRCUMSTANCES

Should the Court find that Mr. Slabaugh's continued release must be analyzed under § 3143(a)(2), then exceptional circumstances exist such that Mr. Slabaugh should remain on bond. Section 3145(c) does not define "exceptional reasons," but the term has generally come to mean that which is unique, uncommon, rare, or out of the ordinary. *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 777 (E.D. Wis. 2003). What constitutes "exceptional reasons" must be determined on a case-by-case basis. *Id.*; *United States v. DiSomma*, 951 F.2d 494, 497 (2nd Cir. 1991) (defining "exceptional reasons" as a "unique combination of circumstances giving rise to situations that are out of the ordinary"); *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003) ("[b]y adopting the term 'exceptional reasons,' and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct'").

Moreover, when evaluating whether a case presents exceptional circumstances, the Court should consider the totality of the defendant's situation before him. *Garcia*, 340 F.3d at 1018. In *Garcia*, the Ninth Circuit spent considerable time and effort at detailing what sorts of information could constitute exceptional circumstances. In doing so, the Court also detailed the history of §§ 3143(a)(2) and 3145(c), including how the provisions came about. The Court explained that the driving force behind the mandatory detention provision was Congress's intent to keep those convicted of *violent* crimes and serious drug offenses from staying on bond after a finding of guilt. 340 F.3d at 1017-19 n.4. The Court specifically explained that one exceptional circumstance that can be considered is whether the act committed by the defendant was not particularly violent. *Id.* at 1019

MOTION TO REMAIN ON BOND SLABAUGH

Federal Defender Services of
Eastern Tennessee, INC
Liberty Tower, suite 1310
605 Chestnut Street
Chattanooga, TN 37450

Case 1:25-cr-00107-CEA-CHS    Document 17    Filed 12/10/25    Page 4 of 6    PageID #: 43

Remember if the Court finds that attempt to possess child pornography is "an offense in a case described in subparagraph (A)…. of subsection (f)(1)", then mandatory detention provision only triggers because it is codified as part of chapter 110. Chapter 110 of the federal criminal code is titled "Sexual Exploitation and Other Abuse of Children," and is found at 18 U.S.C. § 2251 through § 2260A. This chapter not only criminalizes possession of child pornography but also criminalizes the active engagement of children in sexual behaviors (such as enticing, videotaping, or coercing child sexual behavior; and selling or buying children in order to engage them in sexual behavior). Along the same lines, chapter 77 of the criminal code is titled "Peonage, Slavery and Trafficking in Persons;" chapter 109A is titled "Sexual Abuse;" and chapter 117 is titled "Transportation for Illegal Sexual Activity and Related Crimes." A conviction for attempted possession of child pornography does not require a finding of violence, or even a risk of violence (as required in subparts (A) and (B) of the applicable definition of crime of violence). Nor does it require any actual contact with another person, which also distinguishes it from most of the crimes covered by subpart (C).

    Moreover, Mr. Slabaugh has been exceptional cooperative with law enforcement and the United States during the prosecution of his case. For example, Mr. Slabaugh agreed that agents could search his home for any evidence. To that end, the undersigned counsel is given to understand that the search did not produce evidence of any other crime. Likewise, Mr. Slabaugh signed a plea agreement that was filed on the same day as the criminal information. (Doc. No. 1-2). Further, Mr. Slabaugh waived his right to have the case presented to a Grand Jury, which is certainly exceptional based upon the number of cases brought by the United States that goes before a Grand Jury. In sum, Mr. Slabaugh submits that the totality of his unique circumstances are exceptional within the meaning of savings statute § 3143(c).

MOTION TO REMAIN ON BOND SLABAUGH

Federal Defender Services of
Eastern Tennessee, INC
Liberty Tower, suite 1310
605 Chestnut Street
Chattanooga, TN 37450

## CONCLUSION

Mr. Slabaugh should remain on bond pending sentencing because he is neither a risk of flight nor does he pose a danger to anyone in the community. Further, Mr. Slabaugh's unique circumstances rise to the level of exceptional as compared to both the types of offenses covered in § 3143(a)(2) and § 3156(A)(4)(C), as well as Mr. Slabaugh's unusual an extensive cooperation with the United States in the prosecution of this case. Finally, over the past several months Mr. Slabaugh has demonstrated that he will continue to comply with the conditions of his release after pleading guilty. As such, Mr. Slabaugh should be released on bond pending sentence.

Respectfully submitted,

FEDERAL DEFENDER SERVICES OF
 EASTERN TENNESSEE, INC.

By:    *s/ J. Damon Burk*
J. Damon Burk
Assistant Federal Defender
605 Chestnut Street, Suite 1310
Chattanooga, Tennessee 37450
Damon_Burk@fd.org
(423) 756-4349
WA Bar # 41352

MOTION TO REMAIN ON BOND SLABAUGH

**Federal Defender Services of Eastern Tennessee, INC**
Liberty Tower, suite 1310
605 Chestnut Street
Chattanooga, TN 37450

Case 1:25-cr-00107-CEA-CHS   Document 17   Filed 12/10/25   Page 6 of 6   PageID #: 45