IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
At Chattanooga

UNITED STATES OF AMERICA )
)
*Plaintiff*, )
)
v. )          No. 1:25-Cr-107
)          Judge: Atchley
JOSEPH SLABAUGH, )
)
*Defendant*. )
)
)
_____ )

## MOTION FOR VARIANCE

Joseph Slabaugh, by and through his attorney, and respectfully files this motion for variance.

## MEMORANDUM IN SUPPORT OF MOTION

The Presentence Investigation Report ("PSR") provided an advisory guideline range of 120 months of imprisonment. PSR at ¶ 67. Mr. Slabaugh filed objections to the PSR (Doc. No. 30). Specifically, Mr. Slabaugh objected to application of the Cross Reference. *Id.* If the Court sustains the objection the guideline range would lower to 24 months to 30 months of imprisonment. *Id.*

The Court must "begin all sentencing proceedings by correctly calculating the applicable Guidelines range". *Gall v. United States*, 552 U.S. 38, 49 (2007). Then, the Court must "consider all of the 18 U.S.C. § 3553(a) factors to determine whether they support the sentence requested by a party". *Id.* Further, the Court "may not presume that the Guidelines range is reasonable". *Id.* citing *Rita v. U.S.*, 551 U.S. 338, 351 (2007). Moreover, the Court is allowed to disagree with the Guidelines Manuel based upon a policy disagreement. *See, Kimbrough v. U.S.*, 552 U.S. 85 (2007). Consequently, Mr. Slabaugh submits that applying the 18 U.S.C. § 3553(a) factors necessitate a variance below the advisory guidelines range.

MOTION FOR VARIANCE JOSEPH SLABAUGH

**Federal Defender Services of Eastern Tennessee, INC**
Liberty Tower, suite 1310
605 Chestnut Street
Chattanooga, TN 37450

## History and characteristics of Mr. Slabaugh

The characteristics of Mr. Slabaugh include his work ethic, family, and his faith. As such, this motion for variance will address each characteristics individually. Further, Mr. Slabaugh's characteristics are evident in his personal history. And although the conduct involved in this case is difficult to contextualize, it is truly aberrant behavior, which will be evident when Mr. Slabaugh's entire life is considered.

Mr. Slabaugh is a man finds gratification in working hard. This is evidenced in his history of employment, which began when he was a teenager and continues to the current day. But the Court should consider not just that Mr. Slabaugh has always been a hard worker, but also the type of employment Mr. Slabaugh has always sought out. Specifically, until June of last year, Mr. Slabaugh had dedicated his professional life to the service of others. For example, in 2006, at the age of 19, Mr. Slabaugh enlisted in the United States Army. PSR at ¶ 67. Moreover, when Mr. Slabaugh enlisted in the Army, America was at war with Iraq. In fact, Mr. Slabaugh was deployed in Iraq from 2007 to 2008. PSR at ¶ 55.

After, Mr. Slabaugh was deployed a second time to Afghanistan from 2010 to 2011. *Id.* During his years of service, Mr. Slabaugh was awarded the Army Achievement medal. *Id.* In all, Mr. Slabaugh served in active duty for five years. *Id.* As a result, Mr. Slabaugh also received the Good Conduct medal. *Id.* Finally, after serving in the reserves for three years, Mr. Slabaugh separated from the Army in 2014 with the rank of E-4. *Id.*

Once Mr. Slabaugh's active military career ended, he sought a civilian career where he could continue to serve the public. As such, Mr. Slabaugh pursued a career in law enforcement at the Williams County Sheriff's Office in Franklin, Tennessee. PSR at ¶ 62. And over that period, he was promoted to Patrol Supervisor. *Id.* In sum, from 2006 to 2025, Mr. Slabaugh's employment involved

MOTION FOR VARIANCE JOSEPH SLABAUGH

**Federal Defender Services of Eastern Tennessee, INC**
Liberty Tower, suite 1310
605 Chestnut Street
Chattanooga, TN 37450

protecting and serving his community. And by all accounts, Mr. Slabaugh performed his job duties remarkably well.

Still, there's more to Mr. Slabaugh than his work ethic. He is also deeply dedicated to his family. And that family includes his three children. PSR at ¶ 54. By all accounts, Mr. Slabaugh is an involved and caring parent to his children. *See,* (Ex. 1) and (Ex. 2). For example, Mr. Slabaugh's first wife offered a letter of support. (Ex. 1). In the letter, his first wife describes Mr. Slabaugh as "a consistent and supportive presence in our children's lives" and further "[W]e collaborate on logistics, school matters, and health needs", which demonstrates the degree to which their co-parenting relationship has benefited the children. *Id.*

Likewise, Mr. Slabaugh's second wife also offered a letter of support. (Ex. 2). In the letter, she describes how Mr. Slabaugh has been personally changed over the pendency of this case. *Id.* Further, she shared her observation that Mr. Slabaugh is a dedicated father. *Id.* Finally, Mr. Slabaugh's parents also offer to the Court a letter of support (Ex.3). In the letter, Mr. Slabaugh is described as a kind and considerate man. *Id.* And his parents share an observation that since June of last year, Mr. Slabaugh is dedicated to his Christian faith. As noted, the phrase "This time God's way" is now Mr. Slabaugh's mantra. *Id.*

Further, Mr. Slabaugh's Christian faith is a salient characteristic. Although Mr. Slabaugh has long held to his Christian faith, this case has sharply brought his faith into focus. Mr. Slabaugh admits that in the months preceding this case, his faith was not his number one priority. In fact, after a period of deep reflection, Mr. Slabaugh realized that he was moving further away from God. As previously noted, a circumstance like this case is difficult to understand. But Mr. Slabaugh feels it remains part of God's plan for his life. And through all the pain and shame, Mr. Slabaugh is grateful to have a better

MOTION FOR VARIANCE JOSEPH SLABAUGH

**Federal Defender Services of Eastern Tennessee, INC**
Liberty Tower, suite 1310
605 Chestnut Street
Chattanooga, TN 37450

relationship with God. Undoubtably, Mr. Slabaugh will need to rely on his relationship with God during the difficult times that lie ahead.

### The need for the sentence imposed

The Court must also consider sentencing factors related to the sentence imposed. 18 U.S.C. § 3553(a)(2). The sentence imposed must "reflect the seriousness of the offenses, promote respect for the law, and to provide just punishment for the offense". § 3553(a)(2)(A). Further the sentence imposed must "afford adequate deterrence to criminal conduct". § 3553(a)(2)(B). Finally, the sentence must "protect the public from further crimes of the defendant". § 3553(a)(2)(C).

First, Mr. Slabaugh has demonstrated in his life that he holds great respect for the law. Although it isn't unique for a defendant to have zero criminal history points, it is nevertheless noteworthy. And it demonstrates a healthy respect for the law. Likewise, there is a lesser need to protect the public from further crimes. Because the likelihood that Mr. Slabaugh will ever commit another crime is extraordinarily low. For example, Mr. Slabaugh has been out of custody from the time of the investigation until sentencing, and his behavior on pretrial monitoring has been flawless. Also, Mr. Slabaugh maintained different jobs over this period, and anytime he was without a job, he devoted himself entirely to obtaining employment. As such, the need for the sentence to provide adequate deterrence to Mr. Slabaugh is also a factor that shouldn't be heavily weighed.

Instead, the focal point of the statutorily analysis lies in the seriousness of the offense and the need to provide just punishment for that offense. The offense itself is outlined in both the PSR and in the Plea Agreement. *See,* PSR at ¶¶ 15-18; (Doc. No. 2, PageID #: 6-8). Although it is also important to consider that after his arrest, the FBI searched Mr. Slabaugh's electronic devices including his phone and iPad and did not recover any evidence of another crime, including any images of a minor whatsoever. Still, the sentence must take into consideration the seriousness of the offense and provide

MOTION FOR VARIANCE JOSEPH SLABAUGH

**Federal Defender Services of Eastern Tennessee, INC**
Liberty Tower, suite 1310
605 Chestnut Street
Chattanooga, TN 37450

just punishment for that offense. And while Mr. Slabaugh acknowledges that the Court's task is difficult, he nevertheless submits that consideration of all sentencing factors supports a variance below the guidelines is appropriate.

### Conclusion

On June 4, Mr. Slabaugh will stand before the Court to receive punishment for violating the law. And it will be the most difficult day of Mr. Slabaugh's life. But Mr. Slabaugh will not face this calamity alone. Instead, Mr. Slabaugh will be supported by his family and strengthen by God. Further, the undersigned submits that Mr. Slabaugh's aberrant behavior in this case should not cause the Court to be concerned about protection of the public. There can be little doubt that once this ordeal is behind Mr. Slabaugh, he will undoubtably continue to work hard, provide for his children, and cherish his family. And Mr. Slabaugh's conduct on pretrial release demonstrates that in the future he will remain a productive law-abiding citizen. Consequently, the sentencing factors at 3553(a) support the Court granting a variance below the applicable guideline range.

Respectfully submitted,

FEDERAL DEFENDER SERVICES OF
 EASTERN TENNESSEE, INC.

By:   _s/ J. Damon Burk_
J. Damon Burk
Assistant Federal Defender
605 Chestnut Street, Suite 1310
Chattanooga, Tennessee 37450
Damon_Burk@fd.org
(423) 756-4349
WA Bar # 41352

MOTION FOR VARIANCE JOSEPH SLABAUGH

**Federal Defender Services of
Eastern Tennessee, INC**
Liberty Tower, suite 1310
605 Chestnut Street
Chattanooga, TN 37450