IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
At Chattanooga

UNITED STATES OF AMERICA )
      *Plaintiff,* )
       )
      v. )
       )
JOSEPH SLABAUGH, )
      *Defendant.* )
       )
       )

No. 1:25-Cr-107

Judge: Atchley

**REPLY TO THE RESPONSE OF THE UNITED STATES IN OPPOSITION TO MR. SLABAUGH'S OBJECTIONS TO THE PRESENTENCE REPORT**

The United States filed a response in opposition to objections to the Presentence Investigative Report ("PSR") filed on behalf of Mr. Slabaugh. (Doc. No. 37). Mr. Slabaugh files this brief reply to the United States's response in opposition.

**Argument**

As an initial matter, the United States agrees with Mr. Slabaugh that "the cross-reference to § 2G2.1 applies if an offense involved one of four specific actions: causing, transporting, permitting, or offering or seeking by notice or advertisement a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction of such conduct". Doc. No. 37 at PageID#: 215, citing to § 2G2.1(c)(1). And United States's response focuses on a single factor, "seeking by notice". *Id* at 216-218. Further, in the view of the United States, the cross-reference applies because the Sixth Circuit found one on one private communications qualified as "any notice" under 18 U.S.C. § 2251(d)(1). *See, Id.* at PageID#: 217-218 citing *United States v. Sammons*, 55 F.4th 1062 (6th Cir. 2022), *United States v. Garcia*, 411 F.3d 1173 (10th Cir. 2005), *United States v. Long*, 304 F. App'x 982 (3d Cir. 2008). But

OBJECTIONS TO PSR JOSEPH SLABAUGH

**Federal Defender Services of Eastern Tennessee, INC**
Liberty Tower,
605 Chestnut Street, suite 1310
Chattanooga, TN 37450

Case 1:25-cr-00107-CEA-CHS    Document 41    Filed 07/20/26    Page 1 of 6    PageID #: 234

Mr. Slabaugh contends that this case simply does not involve "notice or advertisement", regardless of whether private notice is sufficient.

As an initial observation, the United States does not cite a single case that is squarely on point. Instead, most of the cases cited by the United States did not involve application of the cross-reference. *See, e.g., Sammons* (sufficiency of the evidence challenged to a conviction of 18 U.S.C. § 2251(d)(1)), *United States v. Veazey*, 491 F.3d 700, 706 (7th Cir. 2007), (18 U.S.C. § 2422(b) and 8 U.S.C. § 2423(b) and the "visual depiction" cross-reference, *United States v. Sims*, 708 F.3d 832, 835 (6th Cir. 2013) (case involved the exclusion of evidence at trial), *United States v. Rudra*, No. 25-3040, 2026 WL 75323 (N.D. Ohio Jan. 9, 2026) (involved a procedural and substantive challenge to the sentence, and the cross reference applied "because he caused Victim 2 to produce new sexually explicit images" at *4). And the cases that did involve application of a cross-reference either relied upon the commentary found at Application Note 7 or did not involve the factor at issue in this case—seeking by notice. *See, e.g., Veazy* (citing to then Application Note 5, 491 F.3d at 706-707), *United States v. Isip*, No. 22-3210, 2023 WL 5696109 (3d Cir. Sept. 5, 2023) (cross-reference applied based upon causing a minor to engage in sexually explicit conduct for the purpose of creating visual depiction of such conduct. "…during this time Isip repeatedly requested and received images and videos of the victim in erotic poses or engaging in sexual conduct" at *1), *Long* 304 F. App'x 982, 986 (specifically referenced application note).

Also, the United States reliance upon *Sammons* is misplaced for two reasons. First, *Sammons* involved statutory language of 18 U.S.C. § 2251(d)(1) that is different from the language in § 2G2.1(c)(1). In relevant part, the operative language in § 2251(d)(1) is "any notice or advertisement seeking or offering", whereas the text of cross-reference does not include the word "any". As such, the plain language of the statute covers both private and public notices. For example, the issue in *Sammons* was "whether his non-public, one-on-one messages amount to making any notice seeking or offering

OBJECTIONS TO PSR JOSEPH SLABAUGH

**Federal Defender Services of Eastern Tennessee, INC**
Liberty Tower,
605 Chestnut Street, suite 1310
Chattanooga, TN 37450

child pornography—and whether in particular they count as *any* notice. 55 F.4th at 1066. (internal quotations omitted) (emphasis added). Second, although *Sammons* involved private communications, the defendant nevertheless responded to Agent Hurst's online post. *Id.* at 1065. And in the view of Mr. Slabaugh, the online post qualifies as a notice. Further, *Sammons* must be contextualized as an appeal that challenged the sufficiency of the evidence that supported an exploitation conviction. *Id.* at 1066. And the sufficiency of the evidence standard is daunting, because the Court asks only "…whether, after construing all evidence in favor of the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 1075 citing *Jackson v. Virginia*, 443 U.S. 307 (1979). Finally, the Court in *Sammons* only answered the question presented to it, and it seems counsel for Mr. Sammons only challenged whether private one-on-one texts in response to an online post qualified as "any notice", instead of, say whether the private communications were published as defined in § 2251(d)(1).

But, unlike § 2251(d)(1), the language of § 2G2.1(c)(1) is limited to "offering or seeking by notice or advertisement". As such, the Court must consider the structural syntax of the guideline text. For example, the proposition "by" functions to limit "offering or seeking" to a specific instrument, i.e. notice/advertisement. Contrary to the view of the United States, sending a communication to a person "one on one" merely satisfies "seeking" and not "notice or advertisement". And to be sure the guideline could have been written such that the cross-reference would apply when a person "seeks a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction of such conduct", but instead the guideline limits application of the cross reference to when a defendant seeks "by notice or advertisement".

And to be clear, in Mr. Slabaugh's view "notice or advertisement" in the cross-references means a public notice or advertisement. First the canon of construction Noscitur a Sociis bolsters Mr.

OBJECTIONS TO PSR JOSEPH SLABAUGH

**Federal Defender Services of Eastern Tennessee, INC**
Liberty Tower,
605 Chestnut Street, suite 1310
Chattanooga, TN 37450

Case 1:25-cr-00107-CEA-CHS    Document 41    Filed 07/20/26    Page 3 of 6    PageID #: 236

Slabaugh's view. For example, the guideline text pairs "notice" with "advertisement", which narrows how "notice" should be defined. And the ordinary meaning of both "notice" and "advertisement" share an essential characteristic—it must be a publicly or widely distributed communication. Further, as noted in *Sammons*, the Court should define "notice or advertisement" by giving the term "its ordinary meaning at the time". 55F.4th 1062, 1066. And § 2251(d)(1). And "Congress enacted § 2251(d) in 1986". *Id.*

But instead of finding a definition for the word "notice" and then the word "advertisement", the Court should consider how the term "notice or advertisement" was used in 1986.For example, there is little question that in 1986 most Americans, and certainly members of Congress, read newspapers. And some newspapers contained a section titled "notice and advertisement". Still in other newspapers there were separate sections for notices and advertisements.  But the fact the words "notice or advertisement" are joined together provides strong evidence that what Congress meant by the term was a public communication, like "notice and advertisement" sections of a newspaper.

Although whether "notice or advertisement" must be public is separate from whether a "notice or advertisement" must exist. And the United States advances an argument that would strip the words "by notice or advertisement" from the text of the guideline. A clear example of a "notice or advertisement can be found *Garcia,* where an agent "entered an internet chat room entitled PRETEEN POSTINGS & TRADING". 411 F. 3d 1173, 1175. Clearly a chat room is within the public domain, but more importantly the title of the chat room is likewise clearly a "notice or advertisement". Another example can be found in *United States v. Gould*, 30 F.4th 538 (6th Cir. 2022). In that case, the defendant responded to an "online advertisement" offering "a live session with an 8-year-old in exchange for child pornography" *Id.* at 540. Also, as stated above, in *Sammons* the online post qualifies as "notice or advertisement". At bottom, the argument advanced by the United States must fail, because this case simply does not involve a notice or advertisement.

OBJECTIONS TO PSR JOSEPH SLABAUGH

**Federal Defender Services of Eastern Tennessee, INC**
Liberty Tower,
605 Chestnut Street, suite 1310
Chattanooga, TN 37450

Additionally, the United States argues that the word minor as used in § 2G2.1(c)(1) must be defined by the commentary. Doc. No.37 at PageID#: 215. But this argument suffers from the same defect as relying upon commentary to define the four specific actions of § 2G2.2(c)(1), because the word minor has a clear and unambiguous definition. For example, 18 U.S.C. § 2252(A), defines minor as "any person under the age of eighteen years". *See,* 18 U.S.C. § 2256(1). And the ordinary meaning of the word minor means "person" and "an individual human being". 1. Consequently, the fact that this case did not involve a minor as the term is ordinarily understood, the cross-reference should not apply.

### Conclusion

The United States urges the Court to apply the cross-reference without consideration of Application Note 7. *See*, Doc. No. 37 at PageID#: 219. Because in its view, Mr. Slabaugh messaging an agent amounts to "seeking by notice or advertisement". But this view would eliminate the requirement that the case involve "notice or advertisement". In sum, the Court should sustain the objection to the PSR for two reasons. First, the case did not involve a minor, as the term minor is ordinarily understood to mean a person under the age of 18. And second, the case does not involve any one of four specific actions: "causing, transporting, permitting, or offering or seeking by notice or advertisement" required to apply the cross-reference.

---

1 https://www.merriam-webster.com/dictionary/person

OBJECTIONS TO PSR JOSEPH SLABAUGH

**Federal Defender Services of Eastern Tennessee, INC**
Liberty Tower,
605 Chestnut Street, suite 1310
Chattanooga, TN 37450

Respectfully submitted,

FEDERAL DEFENDER SERVICES OF
  EASTERN TENNESSEE, INC.

By:  _s/ J. Damon Burk_____
J. Damon Burk
Assistant Federal Defender
605 Chestnut Street, Suite 1310
Chattanooga, Tennessee 37450
Damon_Burk@fd.org
(423) 756-4349
WA Bar # 41352

OBJECTIONS TO PSR JOSEPH SLABAUGH

**Federal Defender Services of
Eastern Tennessee, INC**
Liberty Tower,
605 Chestnut Street, suite 1310
Chattanooga, TN 37450